UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMILY THOMPSON<br><br>Plaintiff,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP<br><br>Defendant, | Civil Action No. |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

EMILY THOMPSON, ("Plaintiff"), through the undersigned counsel, Daniel P. Hartstein, alleges the following against GC SERVICES LIMITED PARTNERSHIP, ("Defendant"):

### INTRODUCTION

1.   This is an action for actual and statutory damages brought by plaintiff Emily Thompson, an individual consumer, against defendant GC Services Limited Partnership for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2.   Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Emily Thompson is a natural person residing in Upper Darby, Delaware County, Pennsylvania.

4. Defendant, GC Services Limited Partnership is a partnership engaged in the business of collecting debt in this state with its principal place of business located at 6330 Gulfton, Houston, TX 77081. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff in 2010.

7. Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

8. During collection calls, Defendant, through it's agent named 'Dominic', threatened to garnish Plaintiff's wages on a specific date, yet when that date came, final and definite action had yet to be taken by Defendant.

9. Upon information and belief, to date, Defendant still has not taken any final, definite action to garnish Plaintiff's wages.

10. Upon information and belief, during a collection call, Defendant alerted Plaintiff's supervisor to the fact that Defendant was a debt collector by giving Plaintiff's supervisor its company name without having been asked by said supervisor for it.

11. Upon information and belief, Defendant was given knowledge of Plaintiff's work hours, and that such calls both inconvenience Plaintiff and are prohibited by Plaintiff's employer.

12. Upon information and belief, Defendant continued to call Plaintiff at Plaintiff's workplace after she had already told them not to.

13. Upon information and belief, Defendant called Plaintiff on February 14, 2011, after already having been informed that Plaintiff had legal representation and that it should cease and desist all communication with her; Defendant's agent named Daniel Nelson made the call.

14. During collection calls, Defendant has utilized unfair and unconscionable means to try to collect a payment amount on Plaintiff's alleged debt, by calling her place of employment to try to reach her in an attempt to try to collect on the alleged debt after she had already told Defendant not to, and by alerting her supervisor to the alleged debt.

15. During collection calls, Defendant has utilized unfair and unconscionable means to try to collect a payment amount on Plaintiff's alleged debt, by contacting her after having already been informed that Plaintiff had legal representation

16. During a collection call, Defendant spoke to Plaintiff in an offensive manner by telling Plaintiff, swearing at Plaintiff, saying, "That is not my concern," to Plaintiff after Plaintiff told Defendant that if she made the payment that Defendant wanted her to make then she would not be able to put diapers on her daughter.

17. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling stressed.

## CLAIM FOR RELIEF

18. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

19. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692a(3)* by calling Plaintiff's place of employment with knowledge or the reason to know that the consumer's employer prohibits the consumer from receiving such communication, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction; and

    (b) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    (c) Defendant violated *§1692d(2)* of the FDCPA by using language the natural consequence of which was to abuse the hearer or reader; and

    (d) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

    (e) Defendant violated *§1692c(a)(2)* of the FDCPA by communicating with Plaintiff after Defendant knows that Plaintiff is represented by an attorney with regard to the alleged debt and has knowledge of, or can readily ascertain, such attorney's name and address, and the attorney has not consented to communication with Plaintiff; and

    (f) Defendant violated §1692e(4) of the FDCPA by giving the representation or implication that nonpayment of any debt will result in the garnishment of the wages of Plaintiff, without intending to take said action.

4

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Emily Thompson for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendant GC Services Limited Partnership for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff EMILY THOMPSON demands trial by jury in this action.

[SIGNATURE AFFIXED ON NEXT PAGE]

This 10th day of June, 2011.

_____
Daniel P. Hartstein
LibertyView
457 Haddonfield Rd., Suite 310
Cherry Hill, NJ 08002
(856) 910-8900
danhartstein@verizon.net

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(770) 414-1002
alex@fdcpalawyeronline.com